UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-398-R

WILLIAM S. YOUNG, III                                                                                        PLAINTIFF

v.

ROBERT WHITE, et al.                                                                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, William S. Young, III, *pro se*, seeks compensatory and punitive damages under 42 U.S.C. § 1983 against four officers and the chief of the Louisville Metro Police Department for the alleged use of excessive force during arrest. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss a portion of the complaint and cause service of process to issue on the remaining claims.

## I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

**II.**

Plaintiff is currently serving a sentence at the Roederer Correctional Complex and files this complaint for personal injuries, including permanent vision impairment, allegedly sustained during his arrest.

Plaintiff alleges he sustained a severe head injury after officers handcuffed and beat him with a nightstick or flashlight "for no reason." (Compl. at electronic file p. 6.) Notwithstanding Plaintiff's claim that he did not resist arrest, he acknowledges that he initially fled from the police both in a vehicle and on foot. Plaintiff explains his intentions were to surrender, and that he in fact lay prone on the ground, once within sight of witnesses. Plaintiff further alleges these officers conducted themselves in conformance with an official "habit and custom" of the Louisville Metro Police Department.

Plaintiff names four arresting officers as Defendants: Thomas Coin, Michael Pate, Brett Adkins, and Officer Royse, in their individual and official capacities.[1] Plaintiff also names Chief of Police, Robert White, in his official and individual capacity.

Plaintiff seeks compensatory and punitive damages as well as future medical expenses.

**III.**

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by persons acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). The major elements of a § 1983 claim are, therefore, the color of law requirement, known as "state action," and the deprivation of a federal statutory or

---

[1] The complaint itself lists the arresting officers as John Doe Defendants. In a subsequent filing (docket no. 6), Plaintiff seeks to amend the complaint with the identities of the officers. By separate order, the Court will grant Plaintiff's motion to amend.

constitutional right. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340,351 (6th Cir. 2001).

In *Graham v. Conner*, the Supreme Court held that claims of excessive force in the course of making an arrest, investigatory stop, or other seizure of a person invokes the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons ... against unreasonable ... seizures" of the person. 490 U.S. 386, 395 (1989). The Court explained that although officers have a right to use some degree of physical coercion to effect an arrest, a proper application of the Fourth Amendment depends on the facts and circumstances of each particular case. *Graham*, 490 U.S. at 396; *see also Phelps v. Coy*, 286 F.3d 295 (6th Cir. 2002); *Kostrzewa v. City of Troy*, 247 F.3d 633 (6th Cir. 2001); *Donovan v. Thames*, 105 F.3d 291 (6th Cir. 1997).

In addition, a municipality may incur liability if an official policy or custom caused a violation of the plaintiff's rights. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). The plaintiff may sue the municipality by naming, as here, officers in their official capacities and alleging that the officers' conduct conformed to an official policy or custom. *See Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Supervisory capacity alone, however, fails to state a claim of relief under § 1983. *Monell,* 436 U.S. at 694; *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Here, Plaintiff alleges arresting officers applied excessive force after he was subdued in handcuffs. Although the Court expresses no view on the merits of this claim, the Court will identify excessive force claims against the named, arresting officers, in their individual

capacities.  The Court further will identify official-capacity claims against these officers as well as the police chief.  These official-capacity claims are essentially claims against the Louisville Metro County Government for an alleged unconstitutional, official policy or custom of applying excessive force during arrest.

The Court will dismiss, however, the individual-capacity claim against the police chief because the complaint contains no allegations of his involvement other than in a supervisory role.  The Court cautions Plaintiff that by identifying claims in the complaint, it reserves judgment whether the complaint is legally sufficient, until submitted upon proper motion of Defendants.  At this juncture, the Court will simply identify these claims in order to cause service of process upon Defendants to answer and to defend themselves in this action.

The Court will enter orders consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney

4413.007