UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM YOUNG**
    Plaintiff

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 3:05CV-00398-R

**ROBERT WHITE, et al.**
    Defendants

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

The plaintiff has filed a <u>pro-se</u> complaint pursuant to 28 U.S.C. § 1983 alleging excessive use of force by officers of the Louisville Metropolitan Police Department in connection with his arrest on August 18, 2004. This matter is before the court upon the motion of the defendants for summary judgment (Docket Entry No. 28). Although docketed as the plaintiff's response in opposition to the motion, Docket Entry No. 32 is more accurately described as a request for an extra-judicial resolution to a discovery dispute between the parties. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

**Standards Governing Motions for Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant may satisfy its initial burden under the foregoing standard by demonstrating that the non-moving party has failed to introduce sufficient evidence to support an essential element of the cause of action alleged. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party meets its initial burden, the party against whom the motion is brought

may not rest on the pleadings but, instead, has the burden of proving that a genuine issue of material fact exists for trial. Fed.R.Civ.P. 56(e); *Celotex* at U.S. pp. 324-325. Material facts are those that might affect the outcome of the action under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 248 (1986). When a court makes a determination of materiality, any inference drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the existence of a mere scintilla of evidence in support of the opposing party's motion is insufficient to create a genuine issue of material fact. A genuine issue of material fact is presented only if there is evidence from which a reasonable jury could find in favor of the party opposing summary judgment. *Anderson* at U.S. p. 252.

## Background Facts and Procedural History

On August 18, 2004, the plaintiff was driving in the Iroquois Projects of Louisville, Kentucky. He was being followed by a red Jeep Cherokee occupied by Officers Pate and Royse. After the plaintiff rolled through a stop sign, the officers activated their emergency lights. The plaintiff declined to stop and instead sped off. When the plaintiff attempted to turn his vehicle around a curve, it blew a tire on the curb, went up onto the curb, and hit a utility pole. The plaintiff exited the vehicle and began to flee on foot. The plaintiff alleges that he stopped running and surrendered when he was satisfied that he was in the presence of citizen witnesses who might deter or at least witness anticipated police brutality.

When the plaintiff stopped running, Officer Pate ran up behind him, jumped onto his back, handcuffed him, and then, after he had been fully subdued and was in a prone position, hit him in the head with an unidentified object "for no reason" (Complaint, Docket Entry No. 1, p. 6). In his

deposition testimony, the plaintiff admitted that Officer Pate was the "only officer that physically laid hands" on him (Plaintiff's Deposition, Docket Entry No. 29, p. 26). The plaintiff bled and required medical treatment, including stitches. The plaintiff alleges that he was temporarily blinded by the bludgeoning and continues to suffer from permanent visual impairment and ongoing headaches.

The plaintiff sued the following officers in their individual and official capacities: Michael Pate, Officer Royse, Thomas Coin, Bret Adkins, and Chief of Police, Robert White. The court has dismissed the "individual capacity" claim against Chief White and allowed the remaining claims to proceed (Docket Entry No. 9). Officers Coin and Adkins apparently were "responding officers" in the near vicinity of the plaintiff's arrest. The plaintiff indicates that he does not know whether Officers Royse, Coin, and Adkins were present at the time of his contact with Officer Pate, in part, because of his temporary blindness and because the defendants decline to answer his interrogatories pending a ruling by this court on the present motion for summary judgment. Among other things, the plaintiff has requested the following information from the defendants:

> **Interrogatory #8:** Please name all other officers that were present during the incident on August 18, 2004.
>
> **Request #5:** Please provide any statements made by other officers that were present on the night of August 18, 2004, that were witnesses to the incident in the complaint.
>
> **Interrogatory #4:** Please name your supervisor on the night of August 18, 2004.

(First Set of Interrogatories and First Request for Production of Documents, Docket Entry No. 23, Attachment Nos. 1 and 2).

3

The defendants have refused to answer these questions pending a ruling by this court on their motion for summary judgment. In contrast, the plaintiff has provided thorough answers to the defendants' written interrogatories and has submitted to a deposition (Docket Entry Nos. 29-31).

### Individual Capacity Claims

The defendants argue that Officers Coin, Adkins, and Royse cannot be held liable in their individual capacities because the plaintiff admits that only Officer Pate had physical contact with him; therefore, and the plaintiff cannot "prove that [they] actively participated in the use of excessive force" (Motion for Summary Judgment, Docket Entry No. 28, quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir., 1997)). The magistrate judge concludes that the defendants' reliance upon *Turner* is unpersuasive because it acknowledges only the first prong of a three-part disjunctive test. The complete test is as follows: "Our cases teach that, in order to hold [an officer] liable for the use of excessive force, [the plaintiff] must prove that he (1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *Turner*, id. The third and final part of the test itself has two components. "Generally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Id. In light of the foregoing standards, it is apparent that an officer may be liable for excessive use of force although he did not physically contact a plaintiff.

The magistrate judge concludes that the defendants have failed to establish that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law because they have failed to show that 1) they did not supervise the officer who used excessive force (i.e., Officer Pate); 2) they did not observe and had no reason to know that excessive force would be or was being used; and 3) they did not have the opportunity and means to prevent the harm from occurring. At this juncture, the court cannot rule out the possibility that one or more of the named officers was Officer Pate's superior and simply instructed Officer Pate to bludgeon the plaintiff after subduing him in retaliation for his flight. This would constitute excessive use of force. To the extent the defendants' position is that the plaintiff has failed to establish the opposite facts, i.e., that they were Officer Pate's supervisor and/or were in a position to prevent the harm, the undersigned finds that the plaintiff has been frustrated in his ability to establish such facts by the defendants' refusal to provide basic pertinent discovery.

### Official Capacity Claims

The court has determined that the "official capacity" claims against the defendants "are essentially claims against Louisville Metro County Government for an alleged unconstitutional official policy or custom of applying excessive force during arrest" (Docket Entry No. 8, p. 4). The defendants argue that they are entitled to summary judgment with respect to the plaintiff's "official capacity" claims because the plaintiff has failed to establish that Louisville has a written or unwritten policy or custom of allowing or tolerating police officers to use excessive force in cases of flight and/or that the policy or custom was the "moving force" behind the constitutional violation as contemplated by *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir., 1994). The magistrate judge agrees with the defendants that the plaintiff has failed to establish these

requirements. However, for reasons similar to those discussed above in connection with the plaintiff's "individual capacity" claims, the deficiency seems to be fairly attributable to the defendants' refusal to cooperate with the plaintiff's reasonable discovery requests in favor of a forced and premature ruling on their motion for summary judgment. Among other things, the plaintiff has requested the following:

> **Request #1:** Please provide Metro Louisville Police Department policy on the "use of force" in the arrest of a suspect.
>
> **Request #3:** Please provide any complaints filed for any misconduct of both Royse and Pate, while either officer was on duty.

(First Request for Production of Documents, Docket Entry No. 23, Attachment No. 1).

In light of their refusal to satisfy these pertinent requests, the magistrate judge concludes that the defendants have failed to establish entitlement to summary judgment.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the motion of the defendants for summary judgment (Docket Entry No. 28) be DENIED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).