UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CV-398

WILLIAM YOUNG III                                                                                    PLAINTIFF

v.

ROBERT WHITE , et al.                                                                              DEFENDANTS

### MEMORANDUM OPINION

Defendants Adkins, Coin, Pate, and Royse filed a Second Motion for Summary Judgment in this matter. (Docket # 53). Plaintiff filed a Response (Docket # 54) and a Motion to Overrule the Defendant's Request for Summary Dismissal (Docket # 55). Defendants Adkins, Coin, Pate, and Royse jointly replied. (Docket # 57). Magistrate Judge King issued a Report and Recommendations on the Second Motion for Summary Judgment. (Docket # 58). Plaintiff filed an Objection to the Report. (Docket # 60). Adkins, Coin, Pate, and Royse responded to Plaintiff's Objection (Docket # 61), and filed their own Objection to the Report. (Docket # 62). The matter is now ripe for adjudication. The Court now OVERRULES Plaintiff's Objections and OVERRULES in part Defendants' Objections. To the extent not modified by this Opinion, the Court ADOPTS the Magistrate Judge's Report and Recommendations.

### BACKGROUND

This case arises from injuries sustained during Plaintiff's arrest on the night of August 18, 2004. Plaintiff was observed driving recklessly and hitting a utility pole with his vehicle. When pursued by Defendant Officers Royce and Pate, Plaintiff fled on foot. Plaintiff was overtaken

Case 3:05-cv-00398-TBR   Document 79   Filed 07/27/07   Page 2 of 6 PageID #: 370

and handcuffed on the ground by either Officer Royce or Pate. Sometime during Plaintiff's restraint, he was hit on the head with a police hand-held radio. Defendant Officers Royce and Pate claim this blow to the head was accidental, while Plaintiff contends it was the result of police brutality and brings this claim under 42 U.S.C. § 1983.

    Witnesses confirm that both Officers Royce and Pate were present at the arrest. Plaintiff claims that only Officer Pate made physical contact with him. Another witness, Latrina Cornelius, observed that one officer subdued Plaintiff while the other hit him. The police reports filed indicate that the injury to Plaintiff was accidental, but confirm that Plaintiff was injured by a blow from the radio. Aside from the filed police report, Defendants offer no statements or argument that the blow was inadvertent. Plaintiff asserts claims against Defendants in their official capacities and individual capacities. In addition to claims that Officers Royce and Pate participated in an excessive use of force on the scene, Plaintiff asserts that Officers Coin and Adkins, who responded to the scene after Plaintiff's injuries, are liable for the previous alleged use of excessive force. Plaintiff claimed that Chief White was liable for a failure to supervise, but the Court has already dismissed this claim.

    The Magistrate Judge's Report and Recommendations conclude that the official capacity claims against all Defendants "are essentially claims against Louisville Metro County Government for an alleged unconstitutional official policy or custom of applying excessive force during arrest." The Magistrate Judge found that these claims should be dismissed because there is no evidence "that Louisville Metro has a written or unwritten policy or custom of allowing or tolerating police officers to use excessive force in cases of flight and injury to arresting officers" or that such a policy motivated the any excessive force in this case.

2

The Magistrate Judge's Report and Recommendations also found that Defendant Officers Coin and Adkins were not present at the scene when Plaintiff was injured and could not have directly caused his injuries. Plaintiff presented no evidence which would support his theory that these officers supervised or instructed Officer Pate or Officer Royse in their actions on the scene of the arrest or that they could anticipate Plaintiff's injury. Therefore, the Magistrate Judge recommended that claims against Officers Coin and Adkins be dismissed.

The Magistrate Judge recommended that claims against Officers Pate and Royce continue for trial. The Magistrate Judge cited issues of fact regarding whether Plaintiff's injury was caused by excessive force of the police officers. The Magistrate also noted that issues of fact remain as to whether one or both officers made physical contact with Plaintiff. Even under Plaintiff's theory that only one officer made contact with him, the Report notes that an officer who was present but did not personally use excessive force on Plaintiff might be liable for failure to anticipate and stop any injury to Plaintiff.

## ANALYSIS

### I. Plaintiff's Objection

Plaintiff objects to the Magistrate's Recommendations on several matters. Plaintiff first urges the Court that the official capacity claims should survive and that claims against higher ranking officials in the police department should be reinstated. Plaintiff notes that excessive force claims may be maintained against officers who "owed the victim a duty of protection against the use of excessive force" when they "observed or had reason to know that excessive force would be or was being used" and "had both the opportunity and the means to prevent the

3

harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).  Plaintiff cites to no policies which would encourage the use of excessive force and shows no evidence that anyone other than Officers Royce and Pate could have anticipated or prevented any excessive force. Plaintiff also urges the Court not to dismiss excessive force charges against Officers Coin and Adkins and Sargent Kidd for alleged failure to investigate any excessive force after the arrest. Because the law does not allow the maintenance of excessive force claims for actions done *after* the injury, the Court adopts the recommendations of the Magistrate Judge.

## II. Defendant Officers Royce and Pate's Objections

Defendants Royce and Pate challenge the Magistrate Judge's opinion on two issues. First, Defendants Royce and Pate claim that, because only one person inflicted the Plaintiff's injury, only one Defendant may be tried.  However, as noted in the Magistrate Judge's Recommendations, evidence suggests that both officers may have been physically involved in Plaintiff's arrest.  Issues of fact exists regarding which officer was holding the hand-held radio which struck Plaintiff.  It is not, as Defendants Royce and Pate, suggest, logically inconsistent to try both Officers in this matter, although only one was directly involved in Plaintiff's injury.

Defendants Royce and Pate also take issue with the theory set forth in the Magistrate Judge's Report and Recommendations that the Defendants might be liable for the actions of others as conspirators.  In particular, Defendants note the Magistrate Judge's language stating that

> Officers Pate and Royse fail to identify any probative evidence that they did not explicitly or implicitly agree among themselves to intentionally and gratuitously inflict injury upon the plaintiff....  Perhaps the fact finder would determine that, even before they exited their Jeep, Officers Pate and Royse agreed that Officer Pate would administer a retaliatory strike.

4

Defendants challenge that this Court has never identified, and cannot now identify, a 42 U.S.C. § 1985(3) claim for conspiracy to violate a person's constitutional rights claim in the Plaintiff's *pro se* Complaint. Defendants argue that the Court cannot impute an additional claim, not stated by the Plaintiff, simply because it is beneficial to the Plaintiff's case. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). The Court agrees with Defendants' statement of the law, but finds that this was not the implication of the Magistrate Judge's Report. Instead, the Magistrate Judge correctly noted that, if there were a prior discussion between Officers Royce and Pate to use force, which remains a factual issue, both Defendants could be subject to liability under the § 1983 excessive force claim properly alleged by Plaintiff. Because the Court does not find that the Magistrate Judge's Report and Recommendations create a new theory of liability against the Defendants, the Defendants' Objection is overruled on this matter. Now, as before when the Court examined the Plaintiff's *pro se* Complaint, the Court finds that no cause of action in conspiracy was stated or properly pursued in this action.

   Defendants' Royce and Pate also object to the Magistrate Judge's Report and Recommendations in that it states "in effect, the Officers concede that there was a Fourth Amendment violation" because they fail to explicitly argue that Plaintiff's injury was objectively reasonable. Defendants do not explicitly state an argument in their pleadings or under oath that both Officers Royce and Pate acted reasonably during the encounter with Plaintiff, but do submit the police report the Officers filed on the night of the incident. This police report, while not under oath or penalty of perjury, does state the Officers' position that Plaintiff's injuries were inadvertent. Even if not specifically pled, Defendants Royce and Pate have placed the issue of

inadvertence in contention and do not concede that Plaintiff's Fourth Amendment rights were violated.  To this extent, the Magistrate Judge's Report and Recommendations are not adopted.

## CONCLUSION

For the above reasons, the Court OVERRULES Plaintiff's Objections to the Magistrate Judge's Report and Recommendations and OVERRULES IN PART AND SUSTAINS IN PART Defendants' Objections to the Magistrate Judge's Report and Recommendations.  The Magistrate Judge's Report and Recommendations is ADOPTED, except to the extent that the Court does not hold that Defendant's have conceded a violation of Plaintiff's Fourth Amendment Rights.  An appropriate Order shall issue.