UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CV-398-R

FILED
Jeffrey A. Apperson, Clerk
NOV 27 2007
U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

WILLIAM YOUNG

V.

MICHAEL SEAN PATE AND BRIAN ROYSE

# JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven his case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The parties have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making

these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

You have heard evidence that Plaintiff has been convicted of a felony. You may use that evidence only to help you decide whether to believe the Plaintiff's testimony and how much weight to give his testimony. It may not be used for any other purpose.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

The burden is upon the Plaintiff in a civil action, such as this, to prove every essential element of each of his claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" simply means to prove that the claim is more likely so than not so. If the proof should fail to establish any essential element of any of Plaintiff's claims by a preponderance of the evidence, the jury should find for the defendant as to that claim.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine you own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

3:05CV-398-K

### INTERROGATORY NO. 1

NOV 27 2007

Do you believe from a preponderance of the evidence that Officer Sean Pate violated the Mr. Young's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest?

YES _____   NO  X

FOREPERSON _____   DATE 11-27-07

### INTERROGATORY NO. 2

Do you believe from a preponderance of the evidence that Officer Brian Royse violated the Mr. Young's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest?

YES _____   NO  X

FOREPERSON _____   DATE 11-27-07

If you answer "no" to both of these questions, return to the courtroom. If you answer "yes" to Interrogatory 1 or 2, proceed to ~~Interrogatory No.~~ The next instructions.

## INSTRUCTION NO. 1

### PLAINTIFFS' CLAIMS AGAINST INDIVIDUAL OFFICERS

The Plaintiff, William Young, claims that Officers Sean Pate and Brian Royse, while acting "under color of state law," used excessive force when effectuating his arrest on the day of August 18, 2004, and deprived him of his Fourth Amendment constitutional rights. Every person has a constitutional right not to be subjected to unreasonable or excessive force, even though the arrest is otherwise made in accordance with the law. On the other hand, a law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest, to protect his own safety or the safety of others, or to overcome resistance to a lawful arrest.

Whether force is excessive is measured by the force that a reasonable and prudent law enforcement officer would use under the circumstances. You should take into account the need for the application of force, the amount of force used, and the relationship between the need and the amount used. You should not judge the issue on the basis of hindsight, but rather from the perspective of a reasonable officer at the scene, taking into consideration the circumstances that the officers reasonably believed existed at the time of the incident. Your determination of reasonableness must allow for the fact that police officers may be forced to make split-second judgments about the amount of force necessary in a particular situation. Whether the officers' actions were reasonable is an objective question, and you should not take into consideration their underlying intent or motivation, be it good or evil.

To find for the Plaintiff, the Plaintiff must prove the following by a preponderance of the evidence:

(1) that Officers Royse or Pate intentionally committed acts which deprived the Plaintiff of his Fourth Amendment right to be free of excessive force;

(2) that Officers Royse or Pate acted under color of law; and

(3) that Officers Royse or Pate were the cause of damages sustained by the Plaintiff.

As to the first element, an act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, or negligence.

As to the second element, a state official acts "under color" of the authority of the state when the official acts within the limits of lawful authority, but also when the official acts beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful act must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful act must be an abuse or misuse of power which is possessed by the official only because the position held by the official.

As to the third element, an act or failure to act is the cause of the injury or damage if it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage.

If you are satisfied from the evidence that Officers Royse or Pate used excessive force when arresting William Young then you will find for the Plaintiffs. If you are not satisfied from the evidence that Officers Pate or Royse used excessive force, then you should find for Officers Pate and Royse.

## INSTRUCTION NO. 2

If you answered "yes" to Interrogatory No. 1 or No. 2, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiffs are entitled to recover money from the Defendants.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork.

We the jury determine from the evidence that Plaintiffs are entitled to and hereby award the Plaintiffs a sum or sums of money that will fairly and reasonably compensate the Plaintiff for such of the following damages as we believe from the evidence the Plaintiff has sustained directly by reason of the injuries of which the Plaintiff complains in this case received by reason of the incident August 18, 2004:

1. Physical and mental pain and suffering of William Young        $_____        (not to exceed $500,000, the amount requested by Plaintiff)

**FOREPERSON** _____        **DATE**_____

## INSTRUCTION NO. 3

In addition to compensatory damages, the law permits the jury, under certain circumstances, to award punitive damages to an injured person. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future. If you find that the Plaintiff is entitled to a verdict and that one or more Defendants acted maliciously, wantonly, or oppressively, then you may award punitive damages.

An act or failure to act is "maliciously" done if it is prompted or accompanied by ill will, spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is "wantonly" done if it is done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the Plaintiff.

An act or failure to act is "oppressively" done if it is done in a way or manner which injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, disability, or misfortune of another person.

The decision whether or not to award punitive damages is exclusively within the discretion of the jury. If you are satisfied from the evidence that the Defendants acted maliciously, wantonly, or oppressively, then you should award punitive damages.

If you decide to award punitive damages, you must determine the appropriate sum of money. In doing so, you should consider the degree to which the Defendants should be punished for wrongful conduct, and the degree to which such an award will deter the Defendants or persons

like them from committing wrongful acts in the future. When awarded, punitive damages must be fixed with calm discretion and sound reason.

You may not award punitive damages against any defendant unless you have first found against that defendant, under Interrogatories 1 or 2.

### INTERROGATORY NO. 3

Do you believe from a preponderance of the evidence that punitive damages should be awarded against Officer Pate?

**YES** _____  **NO** _____

If you answered yes, indicate the amount of punitive damages you award to the Plaintiff:

$_____ (not to exceed $1,000,000, the amount requested by Plaintiff)

### INTERROGATORY NO. 4

Do you believe from a preponderance of the evidence that punitive damages should be awarded against Officer Royse?

**YES** _____  **NO** _____

If you answered yes, indicate the amount of punitive damages you award to the Plaintiff:

$_____ (not to exceed $1,000,000, the amount requested by Plaintiff)

**FOREPERSON** _____  **DATE**_____